UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at WINCHESTER

| | | |
|---|---|---|
| JEFF SCISSOM, | ) | |
| | ) | |
| Petitioner, | ) | |
| v. | ) | Nos. 4:03-cv-010 / 4:02-cr-021 |
| | ) | *Edgar* |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## **MEMORANDUM**

This is a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 filed by petitioner Jeff Scissom ("Scissom"). For the following reasons, the § 2255 motion will be **DENIED** and this action will be **DISMISSED**.

**I.     Standard of Review**

This Court must vacate and set aside Scissom's conviction upon a finding that "there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack." 28 U.S.C. § 2255. To prevail under § 2255, Scissom "must show a 'fundamental defect which inherently results in a complete miscarriage of justice,' or, an error so egregious that it amounts to a violation of due process." *United States v. Ferguson*, 918 F.2d 627, 630 (6th Cir. 1990) (quoting *Hill v. United States*, 368 U.S. 424, 428 (1968)).

Under Rule 8 of the RULES GOVERNING SECTION 2255 PROCEEDINGS IN THE UNITED STATES DISTRICT COURTS, the Court is to determine after a review of the answer and the records of the case whether an evidentiary hearing is required. If the motion to vacate,

the answer and the records of the case show conclusively that Scissom is not entitled to relief under § 2255, there is no need for an evidentiary hearing. *Baker v. United States*, 781 F.2d 85, 92 (6th Cir. 1986).

## II. Factual Background

Scissom pleaded guilty to conspiracy to manufacture in excess of 50 grams of methamphetamine mixture in violation of 21 U.S.C. §§ 846 & 841(a)(1) & (b)(1)(B). He was sentenced to a term of imprisonment of 108 months. In support of his § 2255 motion, Scissom alleges the following: (1) the evidence was insufficient to prove he was a member of a conspiracy; (2) he received ineffective assistance of counsel; (3) misconduct on the part of the prosecutor; (4) the indictment was defective; and (5) the search warrant was invalid. The United States Attorney contends the first and fifth grounds for relief were waived by the entry of the guilty plea and that Scissom is not entitled to relief on the remaining grounds. In a supplement to his § 2255 motion, Scissom also raised the recent U.S. Supreme Court decision in *Blakely v. Washington*, 124 S. Ct. 2531 (2004).

## III. Discussion

### A. Waiver

By pleading guilty, Scissom waived any right he had to challenge the sufficiency of the evidence against him or the validity of the search warrant. *See United States v. Freed*, 688 F.2d 24, 25 (6th Cir. 1982) (a plea of guilty is an admission of all material facts alleged in the charge and constitutes a waiver of all non-jurisdictional defects and defenses); *see also United States v. Broce*, 488 U.S. 563, 569 (1989) ("A plea of guilty

2

and the ensuing conviction comprehend all of the factual and legal elements necessary to sustain a binding, final judgment of guilt and a lawful sentence."); *United States v. Ashe*, 47 F.3d 770, 775-76 (6th Cir. 1995) ("Any right, even a constitutional right, may be surrendered in a plea agreement if that waiver was made knowingly and voluntarily.").

In fact, in his plea agreement, Scissom waived the right the file a motion pursuant to 28 U.S.C. § 2255 for any reason other than claims of ineffective assistance of counsel, prosecutorial misconduct, or changes in the law. [Criminal Action No. 4:02-cr-21, Court File No. 18, Plea Agreement, p.4 (Under Seal)]. Such a waiver is enforceable. *Watson v. United States*, 165 F.3d 486, 489 (6th Cir. 1999) ("Accordingly, we hold that a defendant's informed and voluntary waiver of the right to collaterally attack a sentence in a plea agreement bars such relief."); *see also Davila v. United States*, 258 F.3d 448 (6th Cir. 2001) (defendant's waiver of § 2255 relief in a plea agreement barred a collateral attack based upon ineffective assistance of counsel). Accordingly, Scissom has waived the right to challenge the sufficiency of the evidence and the validity of the search warrant, and he cannot do so now in a collateral proceeding.

### B. Ineffective Assistance of Counsel

In *Strickland v. Washington*, 466 U.S. 668 (1984), the Supreme Court established a two-part test for determining whether an ineffective assistance of counsel claim is meritorious. The *Strickland* test first requires Scissom to show that his attorney's representation was deficient, *i.e.*, fell below an objective standard of reasonableness. Scissom must show his counsel made such serious errors that the attorney was not

3

functioning as the "counsel" guaranteed by the Sixth Amendment. *Strickland*, 466 U.S. at 687-88; *Gravely v. Mills*, 87 F.3d 779, 785 (6th Cir. 1996); *Green v. United States*, 65 F.3d 546, 551 (6th Cir. 1995); *United States v. Medved*, 905 F.2d 935, 942 (6th Cir. 1990).

Second, Scissom must also show that counsel's deficient performance prejudiced his case. *O'Hara v. Wigginton*, 24 F.3d 823, 838 (6th Cir. 1994); *Lewis v. Alexander*, 11 F.3d 1349, 1352 (6th Cir. 1993). The issue is whether defense counsel's performance was so manifestly ineffective that defeat was snatched from the hands of probable victory. *West v. Seabold*, 73 F.3d 81, 84 (6th Cir. 1996); *Lewis*, 11 F.3d at 1352; *United States v. Morrow*, 977 F.2d 222, 229 (6th Cir. 1992) (*en banc*). To satisfy the second element of the *Strickland* test, Scissom has to establish a reasonable probability that, but for the errors of his attorney, the result of the criminal proceeding would have been different. *Strickland*, 466 U.S. at 694; *Mapes v. Coyle*, 171 F.3d 408, 425 (6th Cir. 1999); *Austin v. Bell*, 126 F.3d 843, 848 (6th Cir. 1997); *McQueen v. Scroggy*, 99 F.3d 1302, 1310-1311 (6th Cir. 1996); *Gravely*, 87 F.3d at 785; *West*, 73 F.3d at 84.

Scissom first alleges his attorney failed to investigate, for sentencing purposes, whether the methamphetamine for which he was convicted was L-methamphetamine or D-methamphetamine. At the time of Scissom's conviction and sentencing, however, the difference between L-methamphetamine and D-methamphetamine was immaterial. *See United States v. Paille*, No. 98-1149, 1999 WL 407470 *5(June 2, 1999) ("Post-1994 editions of the guidelines drop the distinction and treat both types [of methamphetamine] (D and L) the same."). Thus, there was no reason for counsel to investigate the type of

4

methamphetamine involved in the case, and his failure to do so was not ineffective assistance of counsel. *See United States v. Hanley*, 906 F.2d 1116, 1121 (6th Cir. 1990) (the failure of defense counsel to pursue frivolous motions and objections cannot constitute ineffective assistance of counsel).

Scissom next alleges his attorney failed to review discovery materials provided by the government, failed to object to the admissibility of hearsay evidence, and conducted no investigation of the case. Scissom does not state what discovery material his attorney failed to review, nor the evidence his attorney should have objected to as hearsay. A § 2255 movant has the burden of proving the substance of his allegations and a district court is not required to hold an evidentiary hearing on the basis of conclusory allegations. *See, e.g., Tucker v. United States*, 423 F.2d 655, 656 (6th Cir. 1970); *United States v. Orlando*, 327 F.2d 185, 188 (6th Cir. 1964); *Malone v. United States*, 299 F.2d 254, 255 (6th Cir. 1962).

Scissom further alleges his attorney failed to discover the names of the co-conspirators and failed to obtain copies of their statements. As a practical matter, a criminal defendant is not entitled to discover the identity or the statements of government witnesses prior to trial, with the exception of expert witnesses. *See* 18 U.S.C. § 3500; Rules 16 and 26.2 of the FEDERAL RULES OF CRIMINAL PROCEDURE. Thus, any motion by counsel to discover the names and statements of Scissom's co-conspirators would have been frivolous. A criminal defendant is entitled to discover evidence favorable to the defense, pursuant to *Brady v. Maryland*, 373 U.S. 83, 86 (1963). Scissom has not demonstrated, however, that there was exculpatory evidence that his attorney failed to discover.

Based upon the foregoing, Scissom has failed to meet either prong of the *Strickland* standard. Accordingly, Scissom is not entitled to relief on his allegation of ineffective assistance of counsel.

### C. Prosecutorial Misconduct

Scissom alleges misconduct on the part of the prosecutor, in that the prosecutor allegedly knew Scissom was not part of a conspiracy but prosecuted him anyway. In order to obtain relief, Scissom "must demonstrate that the prosecution's conduct was both improper and so flagrant as to warrant reversal." *Bates v. Bell*, 402 F.3d 635, 641 (6th Cir. 2005). *See also Burton v. Renico*, 391 F.3d 764, 780 (6th Cir. 2004) ("Prosecutorial misconduct, in order to rise to the level of a constitutional due process violation, must be so severe that the defendant did not have a fair trial."). Scissom has failed on both counts. As noted, Scissom pled guilty to the conspiracy. The factual basis fully supports his conviction. Accordingly, it was not misconduct for the Assistant U.S. Attorney to pursue the prosecution.

### D. Defective Indictment

Scissom alleges that count three of the indictment, charging him with attempt to manufacture methamphetamine, was defective. According to Scissom, the indictment failed to allege that he acted "knowingly" and "intentionally." Scissom's claim fails on its face; the indictment clearly stated that Scissom "knowingly, intentionally and without authority attempted to manufacture methamphetamine." [Criminal Action No. 4:02-cr-21, Court File No. 12, Indictment, Count Three, p. 2]. In any event, count three was dismissed

as part of the plea agreement, and Scissom does not challenge the validity of count one of the indictment, which charged him with conspiracy.

### E. Blakely

In a supplement to his § 2255 motion, Scissom claims his two-level enhancement for possession of a firearm should be set aside pursuant to *Blakely v. Washington*, 124 S. Ct. 2531 (2004). At this time, however, there is no reason to apply *Blakely* retroactively to a § 2255 motion such as Scissom's. *See, e.g., In Re Dean*, 375 F.3d 1287 (11th Cir. 2004).

> No court has yet determined whether *Blakely* created a new rule of constitutional law made retroactive to cases on collateral review. For a new rule to be retroactive to cases on collateral review for purposes of authorizing a second or successive § 2255 motion or 28 U.S.C. § 2254 petition, the Supreme Court itself must make the rule retroactive.

*Id*. at 1290 (citation omitted).

In addition, any claim Scissom may have pursuant to *Blakely* is now governed by the Supreme Court's intervening decision in *United States v. Booker*, 125 S. Ct. 738 (2005), which applied the reasoning in *Blakely* to the federal sentencing guidelines. In *Booker*, the Court noted that its holding should be applied "to all cases on direct review." 125 S. Ct. at 769. The Court did not state that the holding should be applied retroactively on collateral review of cases in which the judgment has become final. In fact, the Court quoted *Griffith v. Kentucky*, 479 U.S. 314, 328 (1987), for the proposition that "'a new rule for the conduct of criminal prosecutions is to be applied retroactively to all cases ... pending on direct review or not yet final, with no exception for cases in which the new rule constitutes

a "clear break" with the past.'" *Id*. The Sixth Circuit has, in fact, held that *Booker* "does not apply retroactively in collateral proceedings." *Humphress v. United States*, 398 F.3d 855, 860 (6th Cir. 2005).

## IV. Conclusion

Scissom is not entitled to relief under § 2255 and his motion to vacate, set aside or correct sentence will be **DENIED**. This action will be **DISMISSED**. The Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. A certificate of appealability **SHALL NOT ISSUE**. 28 U.S.C. § 2253.

An order will enter.

                                  */s/ R. Allan Edgar*
                                       R. ALLAN EDGAR
                       CHIEF UNITED STATES DISTRICT JUDGE